<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PETER KLAPPER,<br><br>          Plaintiff,<br><br>     v.<br><br>RICHARD G. "CHAD" SULLIVAN and METUS CAPITAL GROUP, LLC,<br><br>          Defendants. | Civil Action No. 17-13137 (GC) (JBD)<br>**MEMORANDUM ORDER** |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Plaintiff Peter Klapper's ("Plaintiff") certification for attorney's fees and costs. (ECF No. 35.) On April 20, 2020, the Court sanctioned Defendants Richard G. Chad Sullivan and Metus Capital Group, LLC ("Metus") in the form of attorney's fees, to be paid by Metus. (ECF No. 34.) The Court granted Plaintiff fourteen days from the entry of the Order to submit an affidavit setting forth the details of the fees and costs they were seeking. (ECF No. 34 at 10.) Plaintiff timely filed a submission requesting the Court award him attorneys' fees in the amount of $26,482.50. (ECF Nos. 35, 35-1.) Metus responded on May 26, 2020, and requested that the Court only grant Plaintiff attorneys' fees in the amount of $14,112.00. (ECF No. 40.) Plaintiff replied on June 1, 2020, seeking to have the Court disregard Metus' discounted award calculation. (ECF No. 41.) The Court has carefully considered the parties' submissions and decides the matter without oral argument under Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, and other good cause shown, the Court awards Plaintiff **$25,942.50** in the form of attorneys' fees and costs to be paid by Metus within thirty (30) days of the entry of this Memorandum Order.

I.     **BACKGROUND**

The facts of this case are well-known to the parties. For a detailed factual recount which resulted in sanctions being entered against Metus, see the Court's April 30, 2020, Letter Order. (ECF No. 34.) Relevant here, the Court sanctioned Defendants for all "attorneys' fees and costs for work associated with filing the two motions for default judgment and responding to the instant motion." (*Id.* at 10.) The Court further instructed that the payment for sanctions was to be made by Metus only. (*Id.*)

Plaintiff filed an affidavit with related exhibits outlining and detailing the attorneys' fees and costs related to ECF Nos. 14, 17, 21, 23, 31, and 35. In total, Plaintiff seeks $26.482.50 in attorneys' fees and costs. (*See* ECF No. 35-1 at 3.) Metus contests this value and requests that the Court reduce Plaintiff's requested value for four reasons. First, Metus argues that Plaintiff is seeking fees and costs for work outside the scope of the Court's Order. (ECF No. 40 at 2; ECF No. 34 at 10.) Specifically, Plaintiff is allegedly seeking fees for work on its November 7, 2018 request for default (ECF No. 14) (which the Clerk advised Plaintiff was improperly filed), Plaintiff's July 16, 2019 (ECF No. 22) application for damages, and the current application for attorneys' fees (ECF No. 35). (ECF No. 40 at 2-3.)

Second, Plaintiff's fees should be reduced because the requested amount is allegedly unreasonable for the work performed according to the lodestar method. (*Id.* at 3.) Third, the award should be reduced because Plaintiff was not successful in defending the motion for default judgment (ECF No. 34 at 9). (ECF No. 40 at 3.) Fourth, Plaintiff's fees should be reduced because his counsel engaged in block billing, which makes it difficult to determine whether the fees were reasonable. (*Id.*)

Plaintiff disputes all four of Metus' arguments and argues the following. First, Plaintiff

asserts that all of the work for which they are seeking fees and costs is related to Plaintiff's motions for default judgment. (ECF No. 41 at 1.) Second, Plaintiff contests that the requested amount is unreasonable and highlights that Metus only points to one example of redundant work, which was not in fact redundant. (*Id.*) Third, the fact that Plaintiff was unsusccessful in adjudicating the motion for default judgment does not contravene the Court's permission to seek an award for "responding to the instant motion." (*Id* at 3-4; ECF No. 34 at 10.) Fourth, Plaintiff is not seeking to recover block billing fees "in full" as Plaintiff reduced any block billing entry that contained non-compensable work by the time exerted on the non-compensable part of the time entry. (ECF No. 41 at 4.)

## II.   DISCUSSION

"When a court determines that awarding attorney's fees represents an appropriate sanction, it then conducts a lodestar calculation to determine the reasonable fee." *Sciore v. Phung*, Civ. No. 19- 13775, 2022 WL 17446505, at *3 (D.N.J. Dec. 6, 2022) (citation omitted). The lodestar calculation multiplies the reasonable number of hours exerted by the reasonable hourly rate. *United Auto. Workers Loc. 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 290 (3d Cir. 2007). "A party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005), *as amended* (Nov. 10, 2005). "'[T]he relevant rate is the prevailing rate in the forum of the litigation' 'unless the special expertise of counsel from a distant district is shown' or 'local counsel are unwilling to handle the case.'" *A.B. by & through F.B. v. Pleasant Valley Sch. Dist.*, 839 F. App'x. 665, 668 (3d Cir. 2020) (citation omitted). "The relevant inquiry in evaluating the reasonableness of attorneys' hourly rates is the prevailing rate for comparable legal services in the forum of litigation." *Bilazzo v. Portfolio Recovery Assocs.*, LLC,

876 F. Supp. 2d 452, 469–70 (D.N.J. 2012) (citation omitted).

The Court finds that the rates sought are reasonable. Courts in this District have previously used the Community Legal Services of Philadelphia's (CLS) fee schedule to determine the reasonable hourly rate. *See Sciore*, 2022 WL 17446505 at *3. "Because the reasonableness of attorneys fees must be analyzed based on the time the petition for attorneys fees was filed, which in this case was [2018 and 2019], the Court considers the data closest in time to [2018 and 2019]." *See City of Atl. City v. Zemurray St. Cap., LLC*, No. 14-05169, 2022 WL 92802, at *3 (D.N.J. Jan. 10, 2022). Since the most recent CLS fee schedule, effective January 19, 2023, is the only available fee schedule on the CLS website, the Court will not use the CLS fee schedule. Instead, the Court will use the Clio[1] Legal Trends Report from 2018 and 2019, which other courts in this District have also used. *See, e.g.*, *Id.* (using both CLS and Clio). Here, Plaintiff had two attorneys billing for work on this matter – John Maloney and Christopher Kim. In 2018 and 2019, the average hourly rate for New Jersey attorneys was around $300 per hour. *See* 2018 Legal Trends Report, https://www.clio.com/wp-content/uploads/2023/02/Legal-Trends-Report-2018.pdf, at 57; 2019 Legal Trends Report, https://www.clio.com/wp-content/uploads/2019/10/2019-Legal-Trends-Report.pdf, at 53. During this time, John Maloney billed at $300 an hour and Christopher Kim billed at $225 an hour, which are both reasonable in light of Clio's reports. (ECF No. 35-1, Ex. A.)

Moreover, Metus does not challenge the hourly rate applied by Plaintiff's counsel nor does Metus provide the Court with evidence challenging Plaintiff's hourly rate. *See T.B. v. Mount*

---

[1] Clio is a Canadian company that offers legal practice management products and a yearly report on trends in the legal industry. 2018 Legal Trends Report, https://www.clio.com/wp-content/uploads/2023/02/Legal-Trends-Report-2018.pdf, at 57; 2019 Legal Trends Report, https://www.clio.com/wp-content/uploads/2019/10/2019-Legal-Trends-Report.pdf, at 53.

*Laurel Bd. of Education*, Civ. No. 09-4780, 2012 WL 1079088 at *3 (D.N.J. March 30, 2012) (nothing that where "the opposing party has not produced contradictory evidence, the district court may not exercise its discretion to adjust the requested rate downward."). Therefore, the Court finds Mr. Maloney's and Mr. Kim's hourly rates reasonable.

The Court also finds that most of the hours sought are reasonable with one exception. Metus is correct that on November 7, 2018, Plaintiff's counsel mistakenly filed a request for default judgement as an application/petition instead of a motion. (*See* ECF No. 14.) On November 16, 2018, the Clerk of the Court docketed a quality control entry that the November 7, 2018, submission needed to be refiled as a motion. (Clerk's Quality Control Message from November 16, 2018.) Plaintiff's counsel then refiled the submission as a motion on November 30, 2018. (ECF No. 17.) Plaintiff's counsel spent 1.80 hours on this task at an hourly rate of $300 for a total of $540. (ECF No. 35-1 at 5.) Plaintiff's counsel also billed for the work surrounding the November 30, 2018 submission. Since the November 7, 2018 billing entry was redundant, the Court will subtract $540.00 from Plaintiff's proposed award. *Pub. Int. Rsch. Grp. Of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (noting that counsel may not receive fees for "excessive, redundant, or otherwise unnecessary" work).

Metus also urges the Court to find that the docket entries for Mr. Mahoney and Mr. Kim from September 9, 10, 13, 17, 18, and 19, 2019 were redundant because "Plaintiff's counsel spent a substantial amount of time first preparing a memorandum regarding the motion, and then preparing a brief opposing the motion." (ECF No. 40 at 3.) Metus fails to provide a sufficient reason for why this work was redundant as Plaintiff alleges that the memorandum was later adapted into a brief. (ECF No. 41 at 1.) Additionally, Plaintiff argues this process is more efficient as "a timekeeper with a lower billing rate performed the initial analysis, research and[,] draft of what

would ultimately become Plaintiff's opposition brief." (*Id.*) The Court agrees with Plaintiff and will not reduce Plaintiff's fees for the legal services performed on September 9, 10, 13, 17, 18, and 19, 2019.

To add, the Court does not find that Plaintiff seeks fees for work outside the scope of the Court's Order. Metus argues that the July 16, 2019, application for damages (ECF No. 22) and the work surrounding the pending application for attorneys' fees are outside the scope of the Courts Order (ECF No. 34). The Court disagrees with Metus as the July 16, 2019 application was requested by the Court following the adjudication of Plaintiff's Motion for Default Judgement (ECF No. 17). It is directly related to Plaintiff's Motion for Default Judgement (ECF No. 17), which is covered by the Court's Order (ECF No. 34 at 10.) Additionally, requesting fees for the work surround the pending application is also proper. *Planned Parenthood of Cent. N.J. v. Atty. General of N.J.*, 297 F.3d 253, 268 (3d Cir. 2002) ("A party entitled to an award of attorneys' fees is also entitled to reimbursement for the time spent litigating its fee application."). Therefore, Plaintiff's proposed award does not include work outside the scope of the Court's Order. (ECF No. 34.)

The Court will also not reduce Plaintiff's attorneys' fees because they were not successful in opposing the motion for default judgement as the Court's Order explicitly permitted fees for opposing the motion. (*See Id.* at 10.) Finally, the Court will not reduce Plaintiff's attorneys' fees for using block billing to memorialize their work. *MCO & EA LLC v. Silver Globe Inc.*, Civ. No. 20-17100, 2023 WL 3478466 at *4 (D.N.J. May 15, 2023) ("There is no authority in this circuit categorically prohibiting block billing when submitting invoices for an attorneys' fees motion. Rather, the only requirement is that a 'fee application must be specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed', but '[i]t is not

necessary . . . to know the exact number of minutes spent nor the precise activity to which each hour was devoted.'"). Metus requests a thirty percent discount because Plaintiff's counsel used block billing for nearly one-fifth of their requested fees, and therefore should not be entitled to recover "in full." (ECF No. 40 at 3-4.) However, Plaintiff's counsel is not seeking payment "in full" for their block billing entries. Plaintiff's counsel states: "[t]he invoices and report collectively attached as Exhibit A have been redacted to remove billing entries unrelated to work that Plaintiff seeks to include as part of this fee application. Where necessary, the hour and dollar totals at the end of each entry or invoice have been revised to reflect only the hours worked and corresponding dollars billed for work that comprises fees subject to the sanctions awarded in the Court's April 30, 2020 Order." (ECF No. 35-1 at 2.) Upon review of Plaintiff's counsel's billing entries (ECF No. 35-1, Ex. A), the Court is satisfied the submitted billing entries are only for matters within the scope of the Court's Order (ECF No. 34) and are therefore proper.

III. <u>**ORDER**</u>

For the reasons stated above, and other good cause shown,

**IT IS** on this 18th day of August, 2023, **ORDERED** as follows:

1. Metus shall pay Plaintiff $**25,942.50** for his attorneys' fees and costs within thirty (30) days of the entry of this Memorandum Order.

2. Metus shall file a sworn certification of payment within thirty (30) days of the entry of this Memorandum Order.

3. Upon receipt of payment, Plaintiff shall file a sworn certificate of receipt within seven (7) days of receipt of payment.

          *s/ Georgette Castner*
          **GEORGETTE CASTNER**
          **UNITED STATES DISTRICT JUDGE**